# EXHIBIT "A-1"

FILED
5/3/2017 2:20:04 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Edgar Garcia

**2CITPPS-SAC1 W/JD**

## 2017CI08104

CAUSE NO. _____

| | | |
|---|---|---|
| DONALD HENRIQUEZ AND ANTONIA CHAVEZ, *Plaintiffs*, | §§§§ | IN THE DISTRICT COURT OF |
| v. | §§ | BEXAR COUNTY, TEXAS |
| THE TREVELERS HOME AND MARINE INSURANCE COMPANY AND KATE COFIELL, *Defendants*. | §§§§§ | **166TH** _____ JUDICIAL DISTRICT |

### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Donald Henriquez and Antonia Chavez ("Plaintiffs") and file this, *Plaintiffs' Original Petition*, complaining of The Travelers Home and Marine Insurance Company ("Travelers") and Kate Cofiell ("Cofiell") (collectively referred to as "Defendants"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2. Plaintiffs Donald Henriquez and Antonia Chavez are individuals residing in Bexar County, Texas.

3. Defendant Travelers is an insurance company engaging in the business of insurance in

the State of Texas.  This defendant may be served with personal process, by a process server, by serving its Registered Agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

4.    Defendant Kate Cofiell is an individual residing in and domiciled in the State of Connecticut.  This defendant may be served with personal process by a process server at her place of residence at 54 Gable Road, Coventry, Connecticut 06238.

**JURISDICTION**

5.    The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.  Plaintiffs are currently seeking monetary relief over $100,000 but not more than $200,000 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.  However, to the extent that Defendants refuse to cooperate in discovery, make frivolous and unwarranted objections, file needless motions, quash depositions and discovery requests without a reasonable basis, assert unjustified or false affirmative defenses, make unwarranted special exceptions, hire individuals they claim to be "experts" who give false opinions or testimony, produce witnesses who commit perjury, conduct excessive discovery, or otherwise needlessly delay litigation, the costs, expenses, interest, and attorney's fees will likely be over $200,000 but no more than $1,000,000.  Plaintiffs reserve the right to amend their petition during and/or after the discovery process.

6.    The Court has jurisdiction over Defendant Travelers because this defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

7.   The Court has jurisdiction over Defendant Cofiell because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

8.   Venue is proper in Bexar County, Texas, because the insured property is situated in Bexar County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

9.   Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Travelers.

10.   Plaintiffs own the insured property, which is specifically located at 7642 Bismarck Lk, Converse, Texas 78109, in Bexar County (hereinafter referred to as "the Property").

11.   Travelers sold the Policy insuring the Property to Plaintiffs.

12.   On or about April 12, 2016, incorrectly identified as April 10, 2016, by Defendants, a hail storm and/or windstorm struck Bexar County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiffs' residence.   Specifically, Plaintiffs' roof sustained extensive damage during the storm.   Water intrusion through the roof caused significant damage throughout the entire home and garage including, but not limited to, the home's ceilings, walls, insulation, and flooring.   Plaintiffs' home also sustained substantial structural and exterior damage during the storm.   Furthermore, Plaintiffs sustained significant damage to their fence and air conditioning unit.   Shortly after the storm, Plaintiffs filed a claim with their insurance company, Travelers, for the damages to their home caused by the hail storm and/or windstorm.

13.   Plaintiffs submitted a claim to Travelers against the Policy for Roof Damage, Structure

Damage, Water Damage, and Wind Damage the Property sustained as a result of the hail storm and/or windstorm.

14. Plaintiffs asked that Travelers cover the cost of repairs to the Property, including but not limited to, repair and/or replacement of the roof and repair of the gutters, siding and interior water damages to the Property, pursuant to the Policy.

15. Defendant Travelers assigned Defendant Cofiell as the individual adjuster on the claim. The adjuster assigned to Plaintiffs' claim was improperly trained and failed to perform a thorough investigation of Plaintiffs' claim. On or about May 18, 2016, Cofiell conducted a substandard inspection of Plaintiffs' home during which she spent an insufficient amount of time inspecting the entire Property to scope damages, she failed to thoroughly inspect all of the damages to both the interior and exterior of the Property. Defendant Cofiell failed to conduct a thorough inspection of the interior thereby ignoring many of the properly covered Storm damages which eventually led to an underpayment of the claim. Defendant Cofiell's inadequate inspection is further evidenced by her estimate report dated May 18, 2016, which failed to provide a fair and accurate assessment of Plaintiffs' damages which were actually included in her inspection, such as damage to the roof, gutters, fence, and windows. Moreover, the damages that Cofiell did include in her report were grossly undervalued, in part because she both underestimated and undervalued the cost of materials required for necessary repairs, incorrectly applied materials sales tax, and failed to include adequate compensation for contractor's overhead and profit. Further, Cofiell denied payment for several items reported by Plaintiffs to be damaged. For these items, Cofiell provided Plaintiffs with no explanation for why coverage was not being extended under Plaintiffs' Policy. In her report, for example,

Defendant Cofiell failed to include and allow compensation for the hail storm and/or windstorm damages to the exterior siding, interior, and air conditioning unit.

16.    Although Cofiell was aware of Plaintiffs' reported potential damages covered by the Policy, she made determinations as to the amount of Plaintiffs' claim without conducting a thorough and reasonable inspection of Plaintiffs' damages. Ultimately, Defendant Cofiell determined that the damages were either not covered under the Policy and/or valued the damages below the applicable Policy deductible; thus, to date, Plaintiffs have yet to receive the full payment to which they are entitled.

17.    Defendant Traveler, along with other Traveler personnel, failed to thoroughly review and properly oversee the work of Defendant Cofiell, ultimately approving an improper adjustment of and an inadequate, unfair settlement of Plaintiffs' claim. Further, Defendants misrepresented that some of Plaintiffs' damages were not covered under the Policy, when the losses, in fact, were properly covered damages. Traveler unerpaid Plaintiffs' claim without performing a reasonable investigation. As a result of Defendants' wrongful acts and omissions set forth above and further described herein, Plaintiffs were considerably underpaid on their claim and have suffered damages.

18.    Together, Defendants Travelers and Cofiell set out to deny and/or underpay on properly covered damages. As a result of this unreasonable investigation, including the under-scoping of Plaintiffs' storm damages during the investigation and failure to provide full coverage for the damages sustained, Plaintiffs' claim was improperly adjusted, and they were denied adequate and sufficient payment to repair their home. The mishandling of Plaintiffs' claim has also caused a delay in their ability to fully repair their home, which has resulted in additional damages. To this date, Plaintiffs have yet to receive the full

payment to which they are entitled under the Policy.

19.    As detailed in the paragraphs below, Travelers wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.  Furthermore, Travelers underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

20.    To date, Travelers continues to delay in the payment for the damages to the property.  As such, Plaintiffs have not been paid in full for the damages to their home.

21.    Defendant Travelers failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy.  Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs.  Travelers's conduct constitutes a breach of the insurance contract between Travelers and Plaintiffs.

22.    Defendants Travelers and Cofiell misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.  Defendants Travelers's and Cofiell's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.    TEX. INS. CODE §541.060(a)(1).

23.    Defendants Travelers and Cofiell failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy.  Defendants Travelers's and Cofiell's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

24.     Defendants Travelers and Cofiell failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement.   Specifically, Defendants Travelers and Cofiell failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made.   Furthermore, Defendants Travelers and Cofiell did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim.   Defendants Travelers's and Cofiell's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a)(3).

25.     Defendants Travelers and Cofiell failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time.   Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants Travelers and Cofiell.   Defendants Travelers's and Cofiell's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a)(4).

26.     Defendants Travelers and Cofiell refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants Travelers and Cofiell failed to conduct a reasonable investigation.   Specifically, Defendants Travelers and Cofiell performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.   Defendants Travelers's and Cofiell's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a)(7).

27.     Defendant Travelers failed to meet its obligations under the Texas Insurance Code

regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. Travelers's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

28.    Defendant Travelers failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Travelers's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

29.    Defendant Travelers failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim. Travelers's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

30.    From and after the time Plaintiffs' claim was presented to Defendant Travelers, the liability of Travelers to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Travelers has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Travelers's conduct constitutes a breach of the common law duty of good faith and fair dealing.

31.    Defendants Travelers and Cofiell knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

32.   As a result of Defendants Travelers's and Cofiell's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

33.   Plaintiffs' experience is not an isolated case.   The acts and omissions Travelers committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Travelers with regard to handling these types of claims.   Travelers's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

### CAUSES OF ACTION:

#### CAUSES OF ACTION AGAINST DEFENDANT COFIELL
#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
#### UNFAIR SETTLEMENT PRACTICES

34.   Defendant Travelers assigned Defendant Cofiell to adjust the claim.   Defendant Cofiell was improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiffs' damages.   During her investigation, the adjuster failed to properly assess Plaintiffs' hail storm and/or windstorm damages.   The adjuster also omitted covered damages from her report, including many of Plaintiffs' interior damages. In addition, the damages that the adjuster did include in the estimate were severely underestimated.

35.   Defendant Cofiell's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a).   All violations under this article are made actionable by TEX. INS. CODE §541.151.

36.   Defendant Cofiell is individually liable for her unfair and deceptive acts, irrespective of the fact she was acting on behalf of Travelers, because she is a "person" as defined by

TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

37. Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendant Cofiell's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using his/her own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received. Defendant Cofiell's unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

38. Defendant Cofiell's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though

liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

39.   Defendant Cofiell failed to explain to Plaintiffs the reasons for her offer of an inadequate settlement.   Specifically, Defendant Cofiell failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did she provide any explanation for the failure to adequately settle Plaintiffs' claim.  The unfair settlement practice of Defendant Cofiell as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

40.   Defendant Cofiell's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

41.   Defendant Cofiell did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' exterior and interior damages, although reported by Plaintiffs to Travelers.   Defendant Cofiell's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation,

constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### CAUSES OF ACTION AGAINST ALL DEFENDANTS

42.   Plaintiffs are not making any claims for relief under federal law.

### FRAUD

43.   Defendants Travelers and Cofiell are liable to Plaintiffs for common law fraud.

44.   Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendants Travelers and Cofiell knew were false or made recklessly without any knowledge of their truth as a positive assertion.

45.   The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

46.   Defendants Travelers and Cofiell are liable to Plaintiffs for conspiracy to commit fraud. Defendants Travelers and Cofiell were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants Travelers and Cofiell committed an unlawful, overt act to further the object or course of action. Plaintiffs suffered injury as a proximate result.

### CAUSES OF ACTION AGAINST TRAVELERS ONLY

47.   Defendant Travelers is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common

law duty of good faith and fair dealing.

## BREACH OF CONTRACT

48.     Defendant Travelers's conduct constitutes a breach of the insurance contract made
between Travelers and Plaintiffs.

49.     Defendant Travelers's failure and/or refusal, as described above, to pay the adequate
compensation as it is obligated to do under the terms of the Policy in question, and under
the laws of the State of Texas, constitutes a breach of Travelers's insurance contract with
Plaintiffs.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

50.     Defendant Travelers's conduct constitutes multiple violations of the Texas Insurance
Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under
this article are made actionable by TEX. INS. CODE §541.151.

51.     Defendant Travelers's unfair settlement practice, as described above, of misrepresenting
to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method
of competition and an unfair and deceptive act or practice in the business of insurance.
TEX. INS. CODE §541.060(a)(1).

52.     Defendant Travelers's unfair settlement practice, as described above, of failing to attempt
in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even
though Travelers's liability under the Policy was reasonably clear, constitutes an unfair
method of competition and an unfair and deceptive act or practice in the business of
insurance.  TEX. INS. CODE §541.060(a)(2)(A).

53.     Defendant Travelers's unfair settlement practice, as described above, of failing to
promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in

relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

54. Defendant Travelers's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

55. Defendant Travelers's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

56. Defendant Travelers's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

57. Defendant Travelers's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

58. Defendant Travelers's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of

the claim. TEX. INS. CODE §542.056.

59.   Defendant Travelers's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## ACTS CONSTITUTING ACTING AS AGENT

60.   As referenced and described above, and further conduct throughout this litigation and lawsuit, Cofiell is an agent of Travelers based on her acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

61.   Separately, and/or in the alternative, as referenced and described above, Travelers ratified the actions and conduct of Cofiell including the completion of her duties under the common law and statutory law.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

62.   Defendant Travelers's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

63.   Defendant Travelers's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Travelers knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

64.   Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs'

65.    Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

66.    As previously mentioned, the damages caused by the April 12, 2016, hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant Travelers's and Cofiell's mishandling of Plaintiffs' claim in violation of the laws set forth above.

67.    For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

68.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. Tex. Ins. Code §541.152.

69.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

70.    For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the

Page 16

damages described herein.

## DAMAGES

amount the insurer owed, exemplary damages, and damages for emotional distress.

71.   For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

72.   For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading.   Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### JURY DEMAND

73.   Plaintiffs hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Bexar County, Texas.   Plaintiffs hereby tender the appropriate jury fee.

### WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

74.   *Plaintiffs' Request for Disclosure to Defendant The Travelers Home and Marine Insurance Company* is attached as "Exhibit A."   *Plaintiffs' Request for Disclosure to Defendant Kate Cofiell* is attached as "Exhibit A-1."

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.   In addition,

Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

MOSTYN LAW

*s/ René M. Sigman*
René M. Sigman
State Bar No. 24037492
3810 W. Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFFS**

**"EXHIBIT A"**

**CAUSE NO._____**

| | | |
|---|---|---|
| **DONALD HENRIQUEZ AND** | § | **IN THE DISTRICT COURT OF** |
| **ANTONIA CHAVEZ,** | § | |
|     *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **BEXAR COUNTY, TEXAS** |
| | § | |
| **THE TREVELERS HOME AND** | § | |
| **MARINE INSURANCE COMPANY** | § | |
| **AND KATE COFIELL,** | § | |
|     *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

**PLAINTIFFS' REQUEST FOR DISCLOSURE TO DEFENDANT**
**THE TRAVELERS HOME AND MARINE INSURANCE COMPANY**

TO:    DEFENDANT THE TRAVELERS HOME AND MARINE INSURANCE COMPANY,
by and through its Registered Agent: Corporation Service Company, 211 East 7th Street,
Suite 620, Austin, Texas 78701.

    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that the
above-named Defendant, The Travelers Home and Marine Insurance Company (hereinafter
referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this
request, the information or material described in Rule 194.2.

                 Respectfully submitted,

                 **MOSTYN LAW**

                 */s/ René M. Sigman*
                 René M. Sigman
                 State Bar No. 24037492
                 3810 W. Alabama Street
                 Houston, Texas 77027
                 (713) 714-0000 (Office)
                 (713) 714-1111 (Facsimile)

                 **ATTORNEY FOR PLAINTIFFS**

**"EXHIBIT A-1"**

**CAUSE NO._____**

| | | |
|---|---|---|
| **DONALD HENRIQUEZ AND** | § | **IN THE DISTRICT COURT OF** |
| **ANTONIA CHAVEZ,** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **BEXAR COUNTY, TEXAS** |
| | § | |
| **THE TREVELERS HOME AND** | § | |
| **MARINE INSURANCE COMPANY** | § | |
| **AND KATE COFIELL,** | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFFS' REQUEST FOR DISCLOSURE TO DEFENDANT KATE COFIELL

TO:   DEFENDANT KATE COFIELL, at 54 Gable Road, Coventry, Connecticut 06238.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that the above-named Defendant, Kate Cofiell (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

**MOSTYN LAW**

*/s/ René M. Sigman*_____
René M. Sigman
State Bar No. 24037492
3810 W. Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFFS**

## CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____     COURT *(FOR CLERK USE ONLY)*: _____

### DONALD HENRIQUEZ AND ANTONIA CHAVEZ V. THE TREVELERS HOME AND MARINE INSURANCE COMPANY AND KATE COFIELL

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment motion for modification or enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** <br> René M. Sigman <br><br> **Address:** <br> 3810 W. Alabama Street <br><br> **City/State/Zip:** <br> Houston, TX 77027 <br><br> **Signature:** <br><br> /s/ René M. Sigman | **Email:** <br> rmsigman@mostynlaw.com <br> rmsdocketefile@mostynlaw.com <br><br> **Telephone:** <br> (713) 714-0000 <br><br> **Fax:** <br> (713) 714-1111 <br><br> **State Bar No:** <br> 24037492 | **Plaintiff(s)/Petitioner(s):** <br><br> Donald Henriquez <br> Antonia Chavez <br><br><br> **Defendant(s)/Respondent(s):** <br><br> The Travelers Home and Marine Insurance Company <br> Kate Cofiell <br><br> [Attach additional page as necessary to list all parties] | ☒ Attorney for Plaintiff/Petitioner <br> ☐ *Pro Se* Plaintiff/Petitioner <br> ☐ Title IV-D Agency <br> ☐ Other: <br><br> Additional Parties in Child Support Case: <br><br> Custodial Parent: <br><br> Non-Custodial Parent: <br><br> Presumed Father: |

### 2. Indicate case type, or identify the most important issue in the case (select only 1):

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* <br> ☐ Consumer/DTPA <br> ☐ Debt/Contract <br> ☐ Fraud/Misrepresentation <br> ☐ Other Debt/Contract: <br><br> *Foreclosure* <br> ☐ Home Equity—Expedited <br> ☐ Other Foreclosure <br> ☐ Franchise <br> ☒ Insurance <br> ☐ Landlord/Tenant <br> ☐ Non-Competition <br> ☐ Partnership <br> ☐ Other Contract: | ☐ Assault/Battery <br> ☐ Construction <br> ☐ Defamation <br> *Malpractice* <br> ☐ Accounting <br> ☐ Legal <br> ☐ Medical <br> ☐ Other Professional <br>    Liability: <br> ☐ Motor Vehicle Accident <br> ☐ Premises <br> *Product Liability* <br> ☐ Asbestos/Silica <br> ☐ Other Product Liability <br>    List Product: <br><br> ☐ Other Injury or Damage: | ☐ Eminent Domain/ <br>    Condemnation <br> ☐ Partition <br> ☐ Quiet Title <br> ☐ Trespass to Try Title <br> ☐ Other Property: | ☐ Annulment <br> ☐ Declare Marriage Void <br> *Divorce* <br> ☐ With Children <br> ☐ No Children | ☐ Enforcement <br> ☐ Modification—Custody <br> ☐ Modification—Other |
| | | | | **Title IV-D** |
| | | | | ☐ Enforcement/Modification <br> ☐ Paternity <br> ☐ Reciprocals (UIFSA) <br> ☐ Support Order |
| | | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| | | ☐ Expunction <br> ☐ Judgment Nisi <br> ☐ Non-Disclosure <br> ☐ Seizure/Forfeiture <br> ☐ Writ of Habeas Corpus— <br>    Pre-indictment <br> ☐ Other: | ☐ Enforce Foreign <br>    Judgment <br> ☐ Habeas Corpus <br> ☐ Name Change <br> ☐ Protective Order <br> ☐ Removal of Disabilities <br>    of Minority <br> ☐ Other: | ☐ Adoption/Adoption with <br>    Termination <br> ☐ Child Protection <br> ☐ Child Support <br> ☐ Custody or Visitation <br> ☐ Gestational Parenting <br> ☐ Grandparent Access <br> ☐ Paternity/Parentage <br> ☐ Termination of Parental <br>    Rights <br> ☐ Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination <br> ☐ Retaliation <br> ☐ Termination <br> ☐ Workers' Compensation <br> ☐ Other Employment: | ☐ Administrative Appeal <br> ☐ Antitrust/Unfair <br>    Competition <br> ☐ Code Violations <br> ☐ Foreign Judgment <br> ☐ Intellectual Property | ☐ Lawyer Discipline <br> ☐ Perpetuate Testimony <br> ☐ Securities/Stock <br> ☐ Tortious Interference <br> ☐ Other: | | |
| **Tax** | *Probate & Mental Health* | | | |
| ☐ Tax Appraisal <br> ☐ Tax Delinquency <br> ☐ Other Tax | *Probate/Wills/Intestate Administration* <br> ☐ Dependent Administration <br> ☐ Independent Administration <br> ☐ Other Estate Proceedings | ☐ Guardianship—Adult <br> ☐ Guardianship—Minor <br> ☐ Mental Health <br> ☐ Other: | | |

### 3. Indicate procedure or remedy, if applicable (may select more than 1):

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court <br> ☐ Arbitration-related <br> ☐ Attachment <br> ☐ Bill of Review <br> ☐ Certiorari <br> ☐ Class Action | ☐ Declaratory Judgment <br> ☐ Garnishment <br> ☐ Interpleader <br> ☐ License <br> ☐ Mandamus <br> ☐ Post-judgment | ☐ Prejudgment Remedy <br> ☐ Protective Order <br> ☐ Receiver <br> ☐ Sequestration <br> ☐ Temporary Restraining Order/Injunction <br> ☐ Turnover |

### 4. Indicate damages sought (do not select if it is a family law case):

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees <br>
☐ Less than $100,000 and non-monetary relief <br>
☒ Over $100,000 but no more than $200,000 <br>
☐ Over $200,000 but no more than $1,000,000 <br>
☐ Over $1,000,000